UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-43(DSD/ESS)

Andrew Allen Zane,

Petitioner,

v. **ORDER**

Robert Mundt, sued as Rob Mundt, Warden, F.C.I. Waseca,

Respondent.

This matter is before the court upon petitioner's objections to Magistrate Judge E.S. Swearingen's report and recommendation, dated April 10, 2002 [Doc. No. 12]. In his report, the magistrate judge recommended that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241 be denied. After a de novo review of the record, the court adopts the magistrate judge's recommendation.

First, the magistrate judge correctly concluded that petitioner's claim of a wrongful finding of guilt is without merit. The court finds that the procedural process used in this circumstance is consistent with that afforded a prisoner in Wolff v. McDonnell, 418 U.S. 539 (1974). The court agrees with the magistrate judge's finding that the "some evidence" standard, based on Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993), applies to the case at hand. At least some evidence was present to support the

FILED 7-16-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 7-16-02
Deputy Clerk's Initials ______

finding of the Discipline Hearing Officer ("DHO"). The court concludes that the procedure was in accordance with policy, that the decision of the DHO was not arbitrary, and therefore that the process did not violate petitioner's right to due process.

Second, the court agrees with the magistrate judge's finding that the petitioner is improperly before this court because he failed to exhaust his administrative remedies. The court finds that the petitioner procedurally defaulted on his claim for relief. Inmates are required to exhaust their administrative remedies prior to seeking habeas corpus relief from the judicial system. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000); Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000); Mason v. Ciccone, 531 F.2d 867 (8th Cir. 1976); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974). The court accordingly finds that the petition is properly dismissed.[1]

Third, the magistrate judge correctly applied the rational basis standard to the actions of the government in disciplining the petitioner. See Hosna v. Groose, 80 F.3d 298, 304-5 (8th Cir. 1996). Though petitioner may have been punished differently than others, the court finds that his sanctions were in accordance with prison policy. Therefore, the sanctions were "rationally related

[1] Although all of petitioner's grounds could be denied for failure to exhaust his administrative remedies, the court will nevertheless consider petitioner's remaining objections.

to legitimate penological interests," and were not in violation of the petitioner's right to equal protection of the laws. See Id.

Finally, the court finds that the magistrate judge correctly concluded that petitioner's claim of denial of right to redress is without merit. The petitioner had the chance to use the administrative process to seek his relief. Although the process did not produce an outcome favorable to petitioner, that alone does not prove a violation of his rights. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Further, the magistrate judge correctly concluded that 5 U.S.C. § 552a is irrelevant to a petition for habeas corpus relief because the section provides only damages as a remedy. The court therefore concludes that petitioner's final claim is without merit.[2]

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that petitioner's request for habeas corpus relief [Doc. No. 1] is denied.

Dated: July 16, 2002

David S. Doty, Judge
United States District Court

[2] The court also agrees with the magistrate judge that petitioner's claim of denial of his right to call witnesses is not supported by evidence, and is likewise without merit.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd